## BEDFORD (city) v CATTREN

Ohio Appeals, 8th Dist, Cuyahoga Co

No 15773. Decided Feb 18, 1937

## 688

Roy Wilt, Cleveland, for plaintiff-appellee.
F. J. Cook, Cleveland, and A. R. McCarthy, for defendant-appellant.

KLINGER, PJ, GUERNSEY, J, (3rd Dist), and HORNBECK, J, (2nd Dist) sitting by designation.

## OPINION

By GUERNSEY, J.

The appellant, William Cattren, was convicted in the Municipal Police Court of the City of Bedford, a court of record created under the provisions of §14695 et seq, GC, for the violation of Subdivision D of §14 of Ordinance No. 179 of the City of Bedford, Ohio, relating to, the sale of intoxicating liquor, and from the judgment of conviction has filed his appeal in this court.

Notice of appeal was filed in the trial court on July 10, 1936, and the appeal was filed in this court on July 24, 1936. No motion for leave to appeal was filed.

The appellee filed a motion in this court to dismiss the appeal, on the ground that this court is without jurisdiction over such appeal, notice of appeal not having been filed and appeal not perfected within thirty days of the entry of the judgment from which the appeal is prosecuted.

This motion was overruled at a former hearing in this court, but was renewed at the time this cause was resubmitted to this court.

As the motion to dismiss the appeal challenges the jurisdiction of this court over the subject matter of the appeal, it may properly be reconsidered by the court after the overruling of the motion, and we will, therefore, proceed to consider said motion on the re-submission of the same.

The following entries appear in the transcript of docket and journal entries of the Municipal Police Court filed in this court, to-wit:

"February 13, 1936. Defendant in court. On trial. Jury trial demanded and refused. Defendant excepts. Trial had. Defendant moves for judgment at completion of City's testimony. Overruled. Defendant excepts.

Held: Guilty. Defendant gives notice of intention to move for a new trial.

February 18, 1936. Motion for new trial filed February 15, 1936.

March 5, 1936. Defendant in court. Motion for a new trial overruled. Fined $50.00 and costs of $7.00.

March 10, 1936. Motion for rehearing of motion for new trial granted. Motion for new trial heard and submitted.

June 23, 1936. Motion for new trial overruled. Defendant excepts.

July 3, 1936. Time for bill of exceptions extended to July 13, 1936.

July 10, 1936. Defendant files notice of appeal and praecipe to clerk for a transcript of the record.

July 13, 1936. Defendant files bill of exceptions with clerk of court."

Under the provisions of §14695-10 GC, one of the sections of the act creating the Municipal Police Court of the City of Bedford, Ohio, proceedings in error may be taken to the Court of Appeals of Cuyahoga County, Ohio, from any judgment or final order of said Municipal Police Court in the same manner and under the same conditions as are provided by law for proceedings in error from the Court of Common Pleas to the Court of Appeals, and by presenting a bill of exceptions thereto within ten days from the overruling of a motion for a new trial or from the date the decision, judgment or sentence of the court is entered.

Under the provisions of §13459-1, GC, a judgment or final order in a criminal case of a court or officer inferior to the Court of Appeals, may be reviewed in the Court of Appeals; and under the provisions of §13459-3 GC, the proceedings to review such judgment or final order shall be by appeal which shall be instituted by filing notice of appeal with the court rendering such judgment or order and with filing a copy thereof in the appellate court where leave to appeal must be obtained; and under the provisions of §13459-4, GC, such appeal, unless otherwise provided, may be filed as a matter of right within thirty days after sentence and judgment. After thirty days from such sentence and judgment such appeal may be filed only by leave of court or two of the judges thereof.

As shown by the transcript of docket and journal entries of the Municipal Police Court, hereinbefore mentioned, the judgment in this case was entered in that court on March 5, 1936, after motion for new trial had been overruled. Notice of appeal was not filed until July 10, and appeal was not

filed in this court until July 24, 1936, more than four months after the overruling of the motion for new trial and the entry of judgment, and unless the filing and granting of the motion for rehearing of the motion for the new trial operated as an extension of time in which notice of appeal and appeal might be filed, this court is without jurisdiction to consider such appeal for the reason such notice and appeal were not filed within thirty days after sentence and judgment.

It is, therefore, necessary to consider the effect of the filing and granting of the motion for rehearing of motion for new trial. There is no statutory provision in any way authorizing the filing or granting of a motion for rehearing of a motion for new trial, so that whatever jurisdiction the Municipal Police Court may have had to permit the filing and granting of such motion, must be based upon the control of the court over its own orders and judgments during term.

In th absence of statutory provisions to the contrary, the general rule applicable to the granting of re-hearings in courts of review, which by analogy is applicable to the granting of a re-hearing of a motion for new trial in the trial court, is that unless the order granting the re-hearing itself indicates otherwise, it does not operate to set aside the former judgment or vacate the entry thereof, and the same stands until set aside, reversed or modified by subsequent order or judgment upon the re-hearing. 4 Corpus Juris Secundum page 2044.

As the granting of the motion for a re-hearing of the motion for a new trial, did not operate to set aside the judgment or vacate the entry thereof, it is clear that under the statutory provisions above mentioned, the notice of appeal not being filed for almost four months after the entry of judgment, and no motion for leave having been made, the court is without jurisdiction to entertain the appeal, the notice of appeal and the appeal not having been filed within thirty days of the entry of the judgment, and the appeal for this reason will be dismissed.

KLINGER, PJ, and HORNBECK, J, concur.